Cunningham, Judge,
dissenting:
I am unable to agree with the conclusions reached by the majority of the court, or the reasoning-by which it is supported. The appellee (hereinafter referred to as the company), instead of answering the letter of appellant (hereinafter referred to as the bank), authorized Budlong to arrange with some bank to make the collections, and to submit any tentative agreement he might enter into, to the company for ratification. Pursuant to this arrangement, Budlong did enter into an agreement with appellant whereby it was to be relieved of all trouble, excepting remitting the money Budlong might collect, and deposit with appellant. This arrangement Budlong submitted to his company, and the same was, by the conduct of the company, at least, approved. It may be conceded that Budlong’s letter to his company advising it of the arrangements he had made with the bank, was not as explicit as it should have been, as to who was to do the actual collecting of the money. By design, or otherwise, this feature of the contract was not positively disclosed, but Budlong was, in that particular feature of the transaction, at least, unquestionably the agent of the company, hence if he misled his principal, it was no concern of the bank, unless the bank was a party to such deception, and there is no evidence of that fact. The record unequivocally discloses that *271 both Budlong and the assistant cashier, who alone represented the bank in making the final agreement, understood that Budlong, and not the bank, was to do the collecting. I think the company ,must have so understood the matter, since it was advised by Bud-long that the bank was to be relieved of all trouble, except remitting, and was to receive but 1/10 of 1% for this service. The bank had theretofore advised the company that 2% was its minimum rate for making collections. A reduction from 2% to 1/10 of 1%, or 95%, would seem sufficient to advise the company what its agent, Budlong, meant when he wrote it that the bank was to be relieved of all trouble, unless the company might properly assume that the bank was a charitable institution. Surely it was sufficient to put the company on its inquiry. By a single question, put to Budlong, or to the bank, the company might have learned how its agent and the bank understood the agreement. The former court of appeals held that Budlong was not the company’s agent; it did not say he was the bank’s agent, lie may in fact have been the agent of neither in making collections. My view is that, as between the parties to this law suit, the company can not, on the record before us, insist that this court hold, as a matter of law, that Budlong was the bank’s agent. Unless we do so hold., then the appellee has utterly failed to sustain the allegations of its complaint, that,
“The said defendant bank did collect the said items so sent to it for collection * * * and that the said bank has failed and refused, and still fails and refuses to transmit to the plaintiff company the money so collected by it.”
*272 If either party to this action is estopped from denying that Budlong’ was its agent, clearly it should be the company. He was at one time its agent in dealing with the bank — was sent by it to the bank as such. When was he transferred by the company to, and accepted by the bank, as its agent? Whatever understanding might have existed between Bud-long and his company, that he should not, under any circumstances, make collections for his company, was carefully concealed from the bank by both Bud-long and the company, hence cannot bind the bank. All the bank knew, or needed to know, was that he had authority to negotiate and submit to his company such an agreement as was made. It had a clear right to assume that the agent of the company would fully and honestly advise his principal of the terms of the agreement that had been tentatively entered into. The company, by failing to answer the bank’s letter, and by sending its agent to the bank, with the bank’s letter in his hand, clearly indicated that it desired all further communications with regard to a contract to be made to it through its agent, Budlong.
2. The letter of the cashier, Ross-Lewin, indicates that he misunderstood the contract which had been entered into between Budlong and the assistant cashier. He had had no part in its negotiations. Mr. Ross-Lewin’s letter may properly be considered as evidence against the bank’s contention, but it is not, in my judgment, controlling. It clearly indicates to my mind that his information was confused and wholly inaccurate, since if Budlong had given checks to the bank, no loss would have occurred, if these checks were good, and there was no evidence *273 in the record that they were not. But for the Ross-Lewin letter,' I am convinced that a different conclusion would have been reached on the former appeal, and by the majority of this court.
3. At first, I was disposed to think we could not reverse the judgment of the trial court without declining- to follow the opinion rendered by the former co.urt of appeals in this case. On a more careful consideration of the opinion of the former court of appeals, I have reached a different conclusion. But, without giving my reasons at this time, I am of opinion'that the decision of the court of appeals is not binding on this court, even if it be conceded that that court has held Budlong was the agent of the bank.
Having failed to prove its allegation that the bank collected the money sued for, the judgment in favor of appellee should be reversed.